O

CC: BK

# JS - 6

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>Shelly Ann Battle<br>        DEBTOR,<br>_____<br>Shelly Ann Battle,<br><br>        Appellant,<br><br>   v.<br><br>Rod Danielson, Chapter 13 Trustee,<br><br>        Appellee.<br>_____.    | Case No. 5:14-cv-02063-JGB<br>USBC Case No. 6:14-19874-WJ<br><br>**ORDER VACATING THE BANKRUPTCY COURT'S ORDER DISMISSING THE CASE AND REMANDING FOR FURTHER PROCEEDINGS** |

Before the Court is an appeal of the bankruptcy court's order dismissing Appellant's Chapter 13 bankruptcy case.  For the reasons set forth below, the Court VACATES the bankruptcy court's dismissal order and REMANDS the matter to the bankruptcy court for further proceedings consistent herewith. The April 6, 2015 Hearing on the matter is VACATED.

# I. BACKGROUND

Appellant, Shelly Ann Battle ("Debtor" or "Appellant"), filed her voluntary Chapter 13 bankruptcy petition on August 1, 2014. (Doc. No. 10, (Excerpts of Record ("E.R.")) at 13.)  Debtor is a registered nurse, who has never before filed for bankruptcy.  (Id. at 18.)

On August 15, 2014, Debtor filed her Chapter 13 Plan ("Plan"). (Id. at 148.) The Plan provided that Debtor would pay her creditors 100 percent of the amounts due to them over a five-year payment period.  (Id. at 142.)  The Plan estimated the total amount owed to unsecured creditors as $76,383.00.  (Id.)

Both the meeting of creditors and the confirmation hearing were set for September 9, 2014, with the meeting of creditors to take place in the morning and the confirmation hearing to take place in the afternoon. (Id. at 31.)

At the meeting of creditors, Debtor's counsel informed counsel for the Trustee that a creditor, to whom Plaintiff owed $12,000, had not been included on the filed schedules.  (Id. at 31.)  Additionally, the IRS filed a proof of claim that set forth a higher debt than that originally scheduled by the debtor.  (Id. at 142.)

1    That afternoon, at the confirmation hearing, the
2  Trustee moved for dismissal of Debtor's petition, based
3  primarily on the newly disclosed $12,000 debt. (Id. at
4  171) The Trustee contended that Debtor's Plan was
5  infeasible, based on his calculation of the monthly
6  payments that would be necessary, which were more than
7  the disposable income Debtor listed in her schedules.
8  (Id.) Debtor's counsel responded that Debtor could likely
9  make a tighter budget, thus increasing her disposable
10 income; her expenses had been "a little excessive" the
11 first time around, but Debtor had assumed this would not
12 matter, as she was paying 100 percent of the debt owed.
13 (Id.)  Debtor's counsel suggested a continuance, but the
14 bankruptcy court instead denied confirmation and
15 dismissed the case without prejudice. (Id. at 174.)  The
16 court did not provide a reason for the dismissal. (Id.)
17
18    On September 24, 2014, Debtor/Appellant filed a
19 timely notice of appeal of the bankruptcy court's order
20 and notice of dismissal with the Bankruptcy Appellate
21 Panel ("BAP"). (Id. at 1.)  Appellee Rod Danielson, the
22 Chapter 13 Trustee in the underlying bankruptcy
23 case("Appellee"), filed a statement of election to have
24 the appeal transferred to the district court.
25
26    Appellant filed her Opening Brief on November 3,
27 2014. (Doc. No. 11.) Appellee filed his Opening Brief on
28

November 17, 2014.  (Doc. No. 12.)  Appellant filed his
Reply Brief on December 1, 2014.  (Doc. No. 13.)

## II. JURISDICTION AND STANDARD OF REVIEW

Title 28 U.S.C. § 158(a) gives the district court
jurisdiction to hear appeals from the bankruptcy court
regarding "final judgments, orders, and decrees." 28
U.S.C. § 158(a).

The bankruptcy court's decision to dismiss a Chapter
13 case is reviewed for abused of discretion.  In re
Nelson, 343 B.R. 671, 674 (B.A.P. 9th Cir. 2006.) Under
the abuse of discretion standard, the court first
determines de novo "whether the [bankruptcy] court
identified the correct legal rule to apply to the relief
requested."  In re Taylor, 599 F.3d 880, 887 (9th Cir.
2010) (citing United States v. Hinkson, 585 F.3d 1247,
1262 (9th Cir. 2009)).

If the bankruptcy court identified the correct rule,
the court then must determine whether its application of
that standard was "(1) illogical, (2) implausible, or (3)
without support in inferences that may be drawn from the
facts in the record." In re Taylor, 599 F.3d at 887
(citing Hinkson, 585 F.3d at 1262).  "If the bankruptcy
court did not identify the correct legal rule, or its

4

1  application of the correct legal standard to the facts
2  was illogical, implausible, or without support in
3  inferences that may be drawn from the facts in the
4  record, then the bankruptcy court has abused its
5  discretion." In re Taylor, 599 F.3d at 887-88 (citing
6  Hinkson, 585 F.3d at 1262).

7
8                        **III. DISCUSSION**
9

10     The bankruptcy code provides that: "on request of a
11  party in interest or the United States trustee and after
12  notice and a hearing, the court may [convert a case to
13  Chapter 7] or may dismiss a case under this chapter,
14  whichever is in the best interests of the creditors and
15  the estate, for cause . . ." 11 U.S.C. § 1307(c). The
16  bankruptcy code designates items of "cause" in a
17  nonexclusive list at § 1307(c)(1)-(10). Although the
18  bankruptcy court in this case did not specifically state
19  its reasons for dismissal, it appears that the court
20  relied on subsection 5, which states that cause includes
21  "denial of a confirmation of a plan under section 1325 of
22  this title and denial of a request made for additional
23  time for filing another plan or a modification of a
24  plan." 18 U.S.C. § 1307(c)(5)

25
26     Appellant argues the bankruptcy court erred by not
27  granting the continuance she requested. Appellant
28

contends the continuance would have allowed her to
"sharpen her pencil" – i.e. modify her Plan – and
thereafter present the bankruptcy court with a feasible
amended Plan that took into account the (1) additional
$12,000 debt and the (2) increased IRS proof of claim.
Appellee contends the denial of Appellant's request for a
continuance was not an error as Appellant could not have
created a feasible plan, given her economic
circumstances.  The Court finds, based on clear precedent
from the BAP, that Appellant should have been granted a
continuance so as to file a modified plan.

**A.   The Bankruptcy Court's Denial of Appellants' Request for a Continuance**

The BAP has directly spoken to the central issue in
this case.  In <u>Nelson v. Meyer (In re Nelson)</u>, 343 B.R.
671 (B.A.P. 9th Cir. 2006), the bankruptcy court, at the
confirmation hearing, found that the debtor's proposed
monthly payments were so low that they could only be
confirmed in "very extenuating circumstances" and that
the presence of certain nondischargeable debt was
problematic.  343 B.R. at 673.  The bankruptcy court
therefore denied confirmation of the debtor's proposed
plan and dismissed the case under Section 1307(c)(5).
<u>Id.</u> at 674.

1    The BAP took up the case to address "whether the
2    court correctly applied 11 U.S.C. § 1307(c)(5) when it
3    dismissed the case without affording the debtor an
4    opportunity to revise her plan after it denied
5    confirmation."  <u>Id.</u>  The BAP explained that the use of
6    the conjunction "and" in Section 1307 (c)(5)[1] means that
7    two elements must exist to constitute "cause" to dismiss
8    a bankruptcy case: (1) denial of confirmation; and (2)
9    denial of a request for time to file a new or a modified
10   plan. (<u>Id.</u> at 675-76.)  It is the second element that
11   applies to the instant case, as it is undisputed that the
12   bankruptcy court denied confirmation of Appellant's Plan.

13

14   The BAP concluded in <u>Nelson</u> that: "We are persuaded
15   that the second element of § 1307(c)(5) requires, at a
16   minimum, that the court must afford a debtor an
17   opportunity to propose a new or modified plan following
18   the denial of plan confirmation.  Because the court did
19   not offer the debtor such an opportunity, the second
20   element of § 1307(c)(5) was not satisfied. It follows
21   that there was no 'cause' to dismiss or convert the
22   chapter 13 case under that authority." (<u>Id.</u> at 676)
23   (internal citations omitted).[2]

24   _____

25       [1] " . . . denial of confirmation of a plan under
     section 1325 of this title <u>and</u> denial of a request made
26   for additional time for filing another plan or a
     modification of the plan." 11 U.S.C. § 1307(c)(5).

27       [2] The BAP based its decision on its reasoning that
28                                          (continued...)

7

1

2    Appellee presses several arguments in opposition to

3  the clear holding of Nelson.  First, Appellee argues that

4  since there was no possible way for Appellant to propose

5  a feasible amended Plan, the bankruptcy court need not

6  have granted a continuance; in other words, a continuance

7  would have been futile.  Next, Appellee contends that

8  Nelson is not necessarily binding, as it was a BAP

9  decision.  Finally, Appellee argues that Nelson is

10 distinguishable on its facts.  The Court does not find

11 any of these arguments persuasive.

12

13    First, as to futility of the continuance, there is

14 nothing in the record to suggest that the bankruptcy

15 court made such a finding.  In fact, after Debtor's

16 counsel explained a proposed amendment of the Plan and

17 requested a continuance, the bankruptcy court dismissed

18 the case and explained, "if it's without prejudice, you

19 can refile, and you'll know exactly what to do in the

20 next one."  (E.R. at 174.)  If an amended plan were

21 futile, a re-filing – containing the same amended plan –

22

23          [2](...continued)
24 "[t]he policy underlying the second element of §
   1307(c)(5) relating to a request for time to try again is
25 that chapter 13 plan confirmation is an iterative
   process. A debtor who wishes to submit to the rigors of
26 living for a number of years in the straightjacket of a
   plan that represents one's "best efforts" to pay
27 creditors should, in principle, be permitted the latitude
   to correct perceived deficiencies in proposed plans."
28 343 B.R. at 676

8

would be equally as futile.  The Court need not address the specific, detailed arguments offered by both sides as to why an amended plan will or will not be feasible, as these questions should be decided by the bankruptcy court on remand; as the bankruptcy court clearly did not make a finding of futility, the underlying substantive issue is not appropriately before this Court on appeal.

Appellee also contends that Appellant should not be allowed to amend her plan, as she should be bound to her initial proposal – as expressed in her schedules of expenses and income – since these schedules were filed under penalty of perjury.  However, this argument is foreclosed by <u>Nelson</u>, where the BAP stated that, if given a chance to offer an amended plan, "it is [] possible that [debtor] will sharpen her pencil and either project increases in disposable income or propose a mechanism for capturing increases in such income during the life of plan. In other words, [debtor] might propose a plan that would be worthy of being confirmed."  343 B.R. at 676. Implicit in this statement is the understanding that an initial plan does not forever bind a debtor; to the contrary, chapter 13 plan confirmation is an "iterative process."  <u>Id.</u>

Appellee's stare decisis argument is likewise unpersuasive.  Appellee argues that the Court should not

1   follow <u>Nelson</u>, as it was decided by the BAP, an Article I

2   court.[3]  However, Appellee presents no authority contrary

3   to <u>Nelson</u>, either from the Supreme Court, the Ninth

4   Circuit, or the BAP.  The Court finds <u>Nelson</u> persuasive

5   and well-reasoned, and sees no reason to stray from its

6   holding.

7

8       Appellee next contends that <u>Nelson</u> should stand for

9   the proposition that a debtor must only be afforded an

10  opportunity to <u>request</u> a continuance.  Appellee contends

11  that since Appellant had the opportunity to request a

12  continuance – and, in fact, did so – this case should be

13  distinguished.  The Court can find no support for such a

14  reading of <u>Nelson</u>; the BAP certainly did not make this

15  strained distinction in the case itself.

16

17      Finally, Appellee argues that the Court's reading of

18  <u>Nelson</u> would mean a case could never be dismissed under

19  Section 1307(c)(5), as the bankruptcy court would be

20  forced "to continue, continue, and continue, as long as a

21  debtor kept requesting a continuance." (Doc. No. 12 at

22  19.)  However, this contention has no merit.  The

23  Bankruptcy Code contemplates that chapter 13 debtors

24  "be afforded more than one opportunity to confirm a

25  Chapter 13 plan before the case is dismissed or converted

26  _____

27      [3] Additionally, Appellee's argument is undercut by
    his citation to five other BAP decisions in support of
28  his arguments.  (<u>See</u> Doc. No. 12 at 1, 9-10, 15-16, 20)

following denial of plan confirmation." <u>Nelson</u>, 343 B.R. at 678.  This does not mean the bankruptcy court must grant infinite second chances to the debtor; but, where as here, there is no finding that amendment would be futile, the bankruptcy court must give the debtor at least one second chance.

In conclusion, the <u>Nelson</u> court clearly held that "since the [bankruptcy] court did not comply with § 1307(c)(5) when it preempted the debtor's chance to try again and dismissed the case after the first denial of plan confirmation, it applied an incorrect legal standard and thereby abused its discretion."  343 B.R. at 676.  The Court likewise finds that the bankruptcy court should have granted Appellant a continuance so as to allow her to file an amended plan; by failing to do so the bankruptcy court abused its discretion.  The bankruptcy court should have allowed Appellant a chance to file an amended plan before dismissing the case.

**B. Appellant's Due Process Argument**

Appellant also argues that the confirmation hearing should not have taken place the same day as the meeting of creditors.  She bases this contention on Section 1324(b) of the Bankruptcy Code, which states: "[T]he hearing on the confirmation of the plan may be held not

earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341(a), unless the court determines that it would be in the best interests of the creditors and the estate to hold such hearing at an earlier date and there is no objection to such earlier date."  11 U.S.C. § 1324(b).  However, here Appellant did not file an objection to the date of the confirmation hearing.  Thus, any due process issue is not appropriately before the Court on appeal.

## IV. CONCLUSION

For the reasons set forth above, the Court VACATES the Bankruptcy Court's order and REMANDS to the bankruptcy court for further proceedings consistent herewith.  The April 6, 2015 hearing on the matter is VACATED.

Dated:  _____      March 31, 2015

_____
JESUS G. BERNAL
United States District Judge